IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wendy D. Sholes,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Apache Junction Police Department,<br><br>　　　　　　　Defendant. | No. CV-14-2517-PHX-DKD<br><br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, U.S. DISTRICT JUDGE:

　　　On January 23, 2015, the undersigned issued a Report and Recommendation ("R&R") to the Presiding Judge of the Phoenix Division. This R&R recommended that this case be dismissed because Plaintiff did not timely submit an amended complaint as required by the Court's November 24, 2014 Order and because it appeared that Plaintiff did not keep the Court informed of her current address. Recent filings on the docket may have rendered this R&R moot.

　　　Last week, Plaintiff filed a number of documents and included a request to "extend the time" because she "was released from the Oklahoma County Jail for tickets." Plaintiff also filed a document entitled "Amended Complaint" which asserts the following single-sentence allegation: "I am filing corruption charges against the Apache Junction Police Department." Plaintiff also filed a document with the caption "Motion" which states "the Apache Junction Police Department have lost the dead dog report after 911 call 03029334 November 30, 2003 and the attempted murder premeditated,

1  kidnapping, and treason sexual assault report after Gene Cooper got home. . . .  I am
2  filing corruption against the police department intentional government tort." Later this
3  document states "I am demanding ten million dollars police negligence 911 call possible
4  homicide corruption dead dog from Gene Cooper's trailer, aiding and abetting extortion
5  capital crime prosecution Merle Gene Cooper for first degree premeditated attempted
6  murder by strangulation kidnapping and treason sexual assault violations United States
7  Constitution first amendment from Sholes vs. Apache Junction Police filed Maricopa
8  County April 8, 2005." Taking these statements together and construing them as an
9  amended complaint, the Plaintiff has failed to comply with the Court's January 27 Order
10 that she provide "a short and plain statement of the grounds of law entitling Plaintiff to
11 relief." Nor did she set "forth with specificity the alleged conduct Plaintiff contends
12 violated her rights." Further, she did not "take particular care to set forth which conduct
13 is alleged to have violated which provision of federal law." Thus the Court will now
14 recommend that Plaintiff's Amended Complaint, which appears to address an incident
15 that occurred more than ten years ago[1], be dismissed.

16 **IT IS RECOMMENDED** that this matter be dismissed for failure to comply with
17 the Court's November 24, 2014 Order.

18 This recommendation is not an order that is immediately appealable to the Ninth
19 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules
20 of Appellate Procedure, should not be filed until entry of the district court's judgment.
21 The parties shall have fourteen days from the date of service of a copy of this
22 recommendation within which to file specific written objections with the Court. *See*, 28
23 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter,
24 the parties have fourteen days within which to file a response to the objections. Failure
25 timely to file objections to the Magistrate Judge's Report and Recommendation may
26 result in the acceptance of the Report and Recommendation by the district court without

---

28  [1] This is a period of time long past the expiration of any possible applicable statute of limitations.  *See* 45 A.L.R. Fed 548 addressing statutes of limitations applicable to civil rights actions under 42 U.S.C. § 1983.

- 2 -

further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 6th day of February, 2015.

_____
David K. Duncan
United States Magistrate Judge

cc: SRB