**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wendy D Sholes,<br><br>        Plaintiff,<br><br>v.<br><br>Apache Junction Police Department,<br><br>        Defendant. | No. CV-14-02517-PHX-DJH<br><br>**ORDER** |

      This case was initially filed by Plaintiff Wendy D. Sholes ("Plaintiff") on November 14, 2014.  (*See* Doc. 1).  Plaintiff later filed an Amended Complaint.  (*See* Doc. 12).  The Court dismissed the case on March 5, 2015.  (See Doc. 16).  Plaintiff filed a Second Amended Complaint but was informed that no further action would be taken in her closed case.  (Docs. 21–22).  Plaintiff has now filed a "Request to Seal Records."  (Doc. 24).  In her Motion, Plaintiff states:

> [Plaintiff is] requesting that this civil case that I filed years ago be completely sealed…. This case was in regards to my very personal information.

(*Id.* at 1).

      The public has a long-standing, "general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  For this reason, the party seeking to file a document under seal "bears the burden of overcoming this strong presumption." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  To meet this burden, the moving party must supply the court with "compelling reasons supported by factual findings." *Id.* (quoting *Foltz v. State Farm Mut.*

*Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Mere allegations of confidentiality, "without any further elaboration or any specific linkage [to] the documents," do not satisfy this burden.  *Kamakana*, 447 F.3d at 1184.  Additionally, potential risk of "embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal [the] records."  *Id.* at 1179.

Here, Plaintiff does not identify what personal information she is seeking to seal or which documents contain her personal information.  Simply claiming that a case regards personal information, even highly personal information, without further specificity is insufficient to overcome the strong presumption of access.  *See Hagestad v. Tragesser*, 49 F.3d 1430, 143 (9th Cir. 1995) (stating the factors courts consider in determining whether the presumption of public access has been overcome).  The presence of personal information, alone, does not justify sealing an entire case.  *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) ("Any order sealing documents should be 'narrowly tailored' to remove from public view only the material that is protected.").  Upon review, the instant record contains little personal information, such that this long-closed case does not pose a privacy risk to Plaintiff.  In sum, Plaintiff has not overcome presumption in favor of public access, especially in light of her broad sealing request.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Seal Case (Doc. 24) is **DENIED**.  This case shall remain closed.

Dated this 3rd day of November, 2025.

Honorable Diane J. Humetewa
United States District Judge

- 2 -